Floyd W. Bybee, #012651
Law Office of Floyd W. Bybee, PLLC
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Tiffany Danforth,** an individual;<br><br>  Plaintiff,<br><br>v.<br><br>**Client Services, Inc.,** a Missouri corporation;<br><br>  Defendant. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and/or abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages, and statutory damages, as well as

reasonable attorney's fees and costs.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. Jurisdiction

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV. Parties

9. Plaintiff is an individual and resident of Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).
12. Defendant Client Services, Inc. (hereinafter "CSI") is a Missouri corporation doing business within the State of Arizona.
13. CSI is licensed by the Arizona Department of Financial Institutions as a collection agency and given Arizona license number 0910056.
14. CSI regularly collects or attempts to collect debts owed or asserted to be owed or due another.
15. CSI regularly collects or attempts to collect debts which it has purchased after default.
16. CSI is a "debt collector" as defined by FDCPA § 1692a(6).

### V. Factual Allegations

17. Plaintiff incurred a credit card debt with Capital One Bank (USA) N.A., which ultimately defaulted.
18. Plaintiff used the credit card for personal, family, and household purposes.
19. In the later part of July and early August 2008, Plaintiff received four telephone calls from CSI concerning the Capital One debt.
20. During each telephone call, Plaintiff told the CSI collector that she was

|   |     |                                                                                  |
|---|-----|----------------------------------------------------------------------------------|

filing bankruptcy, and was represented by counsel concerning the Capital One debt.

21. Despite having been given notice that Plaintiff was represented by an attorney, CSI continued to telephone her.

22. On August 11, 2008, CSI called and left a message on Plaintiff's voice mail recorder.

23. On August 12, 2008, CSI called again and spoke with Plaintiff. Once again, Plaintiff told the CSI collector to stop calling her, and informed the collector that she was represented by an attorney and gave the collector the law firm's name and phone number.

24. On August 13, 2008, CSI called Plaintiff again concerning the Capital One debt. Once again, Plaintiff told them to stop calling and that she had retained an attorney to represent her concerning the Capital One debt.

25. On or about August 11, 2008, CSI mailed or caused to be mailed a letter to Plaintiff concerning the Capital One debt.

26. As a result of Defendant's actions as outlined above, Plaintiff had suffered damages including, but not limited to, emotional distress.

27. Defendant's actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

28. In the alternative, Defendant's actions were negligent.

### VI. Causes of Action

#### a. Fair Debt Collection Practices Act

29. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

- 4 -

30. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, and 1692e(10).

31. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VII.  Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.  Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 for each Plaintiff pursuant to §1692k;

b) Actual damages in an amount to be determined by trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

DATED   December 9, 2008  .

 s/ Floyd W. Bybee
Floyd W. Bybee, #012651
Law Office of Floyd W. Bybee, PLLC
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff